SIGMA CORP, SOUTHERN STAR, INC., CITY PIPE AND FOUNDRY, INC., LONG
BEACH IRON WORKS, INC., OVERSEAS TRADE CORP, GUANGDONG METALS
& MINERALS IMPORT & EXPORT CORP, U.S. FOUNDRY & MANUFACTURING
CO., ALHAMBRA FOUNDRY, INC., ALLEGHENY FOUNDRY CO., BINGHAM &
TAYLOR DIVISION, VIRGINIA INDUSTRIES INC., CHARLOTTE PIPE &
FOUNDRY CO., DEETER FOUNDRY INC., EAST JORDAN IRON WORKS, INC.,
LEBARON FOUNDRY INC., MUNICIPAL CASTINGS, INC., NEENAH FOUNDRY
CO., OPELIKA FOUNDRY CO., INC., TYLER PIPE INDUSTRIES, INC., AND
VULCAN FOUNDRY, INC., PLAINTIFFS, AND U.V. INTERNATIONAL,
PLAINTIFF-INTERVENOR *v.* UNITED STATES, DEFENDANT, AND GUANGDONG
METALS & MINERALS IMPORT & EXPORT CORP. AND U.S. FOUNDRY &
MANUFACTURING CO., ET AL., DEFENDANT-INTERVENORS

Consolidated Court No. 92–04–00283

(Dated September 8, 1997)

## ORDER

TSOUCALAS, *Senior Judge:* In accordance with the decision (July 7,
1997) and mandate (Aug. 29, 1997) of the United States Court of Ap-
peals for the Federal Circuit, Appeal Nos. 95–1509 and 96–1036, re-
manding this case with instructions, it is hereby

ORDERED that the portion of the decision of the Court in *Sigma Corp.
v. United States*, 19 CIT 753, 888 F. Supp. 159 (1995) (Slip Op. 95–95),
upholding the Department of Commerce, International Trade Adminis-
tration's ("Commerce") methodology in calculating the freight compo-
nent of foreign market value is vacated; and it is further

ORDERED that Commerce recalculate constructed foreign market val-
ue for the 1989–90 administrative review using a methodology that does
not overvalue total freight expense by double-counting ocean freight
and foreign inland freight; and it is further

Ordered that, in accordance with *D & L Supply Co. v. United States*,
113 F.3d 1220 (Fed. Cir. 1997), the portion of the decision of the Court in
*Sigma Corp. v. United States*, 17 CIT 1358, 841 F. Supp. 1275 (1993)
(Slip Op. 93–238), upholding Commerce's reliance on Guangdong Met-
als & Minerals Import & Export Corporation's ("Guangdong") invali-
dated dumping margin as the "best information available" in its
determination of an "all others" rate to be charged against the non-re-
sponsive Chinese exporters (*i.e.*, all Chinese exporters except Guang-
dong) in the 1989–90 administrative review is vacated; and it is further

ORDERED that Commerce determine an "all others" rate to be charged
against the non-responsive Chinese exporters without using Guang-
dong's invalidated dumping margins; and it is further

ORDERED that the portion of the decision of the Court in *Sigma*, 17
CIT 1358, 841 F. Supp. 1275, upholding Commerce's determination of
the surrogate foundry overhead component of constructed foreign mar-
ket value is vacated; and it is further

ORDERED that Commerce obtain additional information from its representatives in Pakistan with regard to the size of the "large Lahore-based foundry," and whether the overhead for that foundry is comparable to the overhead that would be experienced by a foundry the size of Guangdong's foundries and, if necessary based on this information, recalculate the surrogate foundry overhead component of constructed foreign market value; and it is further

ORDERED that commerce report the results of this remand to the Court within 60 days of this order.